## AITKEN a. CLARK.

*Supreme Court, First District; General Term, Feb.,* 1863.

FRIVOLOUS ANSWER.—INSUFFICIENCY ON INSPECTION.—PRACTICE ON APPEAL.

It is not sufficient to sustain judgment on an answer as frivolous, that such answer would probably be held bad on demurrer.*

Thus, in an action against a married woman upon a contract alleged to have been made by her for the benefit of her separate estate, the defence that she has no separate estate is not frivolous.

---

* In the case of THE CORN EXCHANGE BANK a. THE WESTERN TRANSPORTATION COMPANY (*N. Y. Common Pleas, Special Term, February,* 1860), it was *Held,* that on a motion for judgment upon an answer as frivolous, it is not competent for the defendant to go back and attack the plaintiff's pleadings. The court upon such motion can look only to the answer. *Also,* that in an action brought in the local courts of cities, mentioned in section 33 of the Code of Procedure, against domes-

Appeal from a judgment upon the answer as frivolous.

This was an action by John Aitken and others against Sarah C. Clark. The complaint alleged that the defendant was a married woman; that she had both real and personal property in her own name and right; that she was a dress-maker, and that the plaintiff sold and delivered to her goods on her sole and separate account, to be used in her business as dressmaker, and that the defendant used the same in her business, and promised to pay for the same out of her separate property; that she had not paid for the goods; and asked for judgment against her separate estate. The answer alleged, 1. That the defendant was a married woman; and, 2. Denied that she had a separate estate; and, also, 3. Denied that she promised to pay out of her separate estate. The judge at special term ordered judgment for the plaintiff upon this answer as frivolous, and the defendant appealed.

*William R. Stafford,* for the appellant.—I. The acts of 1848, 1849, and 1860, have not removed the common-law disabilities of married women, unless for the disposition of their separate property. The wife has no more right since, than before, to contract debts irrespective of her separate estate. And the intent to charge her separate estate must appear by the contract itself, or the consideration must move directly for the benefit of the separate estate. (Coon *a.* Brook, 21 *Barb.*, 546; Dickerman *a.* Abraham, *Ib.*, 551; Switzer *a.* Valentine, 4 *Duer*, 96; Sherman *a.* Elder, 1 *Hilt.*, 476; Yale *a.* Dederer, 18 *N. Y.*, 265; 22 *Ib.*, 450.)

II. The acts of 1862 do not enlarge her powers to make contracts relative to personal property, but simply the remedy. (*Laws of* 1862, 344, 849.)

III. Unless palpably frivolous, the motion must be denied.

tic corporations, transacting their general business, or keeping an office within such cities respectively, of which actions, subdivision 3 of that section gives those courts jurisdiction, it is not necessary for the complaint to show that the defendants transact their general business, or keep an office within the city.

*T. C. T. Buckley,* for the plaintiffs.

*J. T. Williams,* for the defendants.

(Brown a. Jenison, 3 *Sandf.*, 732 ; McKnight a. Hunt, 3 *Duer*, 615.)

*George R. Thompson*, for the respondents.—I. It was no defence to allege that the defendant is a married woman. The sale was made after the act of 1860, authorizing a married woman to carry on any trade or business on her sole and separate account. (*Laws of* 1860, 157.) The power to carry on trade and business embraces the right to make such contracts as are incident to it; and when entered into by a married woman on her separate and sole account, they are valid, and may be enforced against her in the same manner as if she were a feme sole. (Barton a. Beer, 35 *Barb.*, 78 ; S. C., 21 *How. Pr.*, 309 ; Klen a. Gibney, 24 *Ib.*, 31.) Therefore that part of the answer setting forth that defendant is a married woman is frivolous.

II. The answer denies that the defendant has any separate property. This is no defence, for it only goes to the availability of the judgment. This action was commenced after the passage of the act of 1862, which gives the right to any party to sue a married woman, and to issue execution against her, if judgment is recovered, the same as if she were sole. The only restriction is, that the judgment must be collected out of her separate property ; but the lack of such separate property, by the terms of the act, gives no defence to a married woman so sued. (*Laws of* 1862, 849, § 12.)

III. The denial that she promised to pay the debt out of her separate estate is immaterial. The debt was contracted for the benefit of her separate estate. The rule is, that the married woman must charge especially her separate estate, or the consideration must be one going to its direct benefit. (Yale a. Dederer, 22 *N. Y.*, 450.) There is no denial but that the consideration in this case went to the direct benefit of the separate estate of the defendant. (Owen a. Cawley, 36 *Barb.*, 52 ; S. C., 13 *Abbotts' Pr.*, 13 ; 22 *How. Pr.*, 10.)

INGRAHAM, J.—Although I am of the opinion that neither of these defences can be sustained, still I am not prepared to say that they are frivolous.

The act of 1862,—which allows a married woman to be sued

for all matters relating to her separate property,—and the act of 1860, which is amended by the act of 1862, may, taken together, be construed so as to allow a married woman to carry on business on her own account, and be liable for any contract in regard thereto; but it must be observed, that in neither of these is there any provision authorizing a married woman to incur debts for goods purchased, although the husband is excused from any liability if she makes such contracts. How far she may make contracts, and incur debts for other causes than such as are connected with her separate estate, is a question still open to discussion.

It is not necessary to discuss that question here. It is enough to say, that it is not so clearly established as to warrant the court to say that a defence, setting up that she had no separate estate, might not defeat the plaintiff's claim, if it should be held that she could not make other contracts.

The proper course for the plaintiff was to demur to the answer, and these questions would then be properly disposed of.

The order at chambers should be reversed, and the plaintiff may demur within twenty days to the answer. Costs on both sides to abide event.

SUTHERLAND, P. J., concurred.

CLERKE, J.—Without wishing to intimate any opinion whether these defences may or may not be tenable on a regular hearing of the demurrer, I concur in the conclusion that the answer is not palpably frivolous.

Judgment reversed.